UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>                Petitioner,<br><br>   v.<br><br>HOWARD YORDY,<br><br>                Respondent. | Case No. 1:16-cv-00189-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Lacey Mark Sivak, challenging Petitioner's Ada County convictions of murder and possession of a firearm during the commission of a murder. (*See* Dkt. 2; State's Lodging Q-3 at 529.) Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the one-year statute of limitations and that Petitioner's claims are procedurally defaulted. (Dkt. 31.)

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 19.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order conditionally granting the Motion and

**MEMORANDUM DECISION AND ORDER - 1**

allowing Petitioner one final chance to file a supplemental response, setting forth any reason why the Petition should not be dismissed.

**PRELIMINARY ISSUES and PETITIONER'S PENDING MOTIONS**

Respondent's Motion for Summary Dismissal became ripe on February 27, 2017, with the expiration of the time period within which Respondent could have chosen to file a reply brief. (Dkt. 13, 23, 34.) However, Petitioner later informed the Court that he did not have in his possession the state court records necessary for him to adequately address the Motion for Summary Dismissal. Therefore, the Court instructed Respondent to provide Petitioner with copies of any state court records cited in the Motion for Summary Dismissal that Petitioner did not already possess. (Dkt. 40 at 2-3.) Respondent filed a notice of compliance, and—on June 14, 2017—the Court allowed Petitioner to file a supplemental response to the Motion for Summary Dismissal within 21 days. (Dkt. 50.)

Petitioner then claimed that Respondent had not, in fact, complied with the Court's earlier instruction to provide copies of certain state court records. Because it was unclear precisely whether Petitioner was missing certain records and, if so, which records were missing, the Court again ordered Respondent "to ensure that Petitioner does, in fact, have possession of the documents cited in the Motion for Summary Dismissal, and . . . if not, to provide those documents once again to Petitioner." (Dkt. 66.) The Court reminded Petitioner that "he is entitled to possess only those documents listed on the docket of this case and any documents actually cited in Respondent's Motion for Summary Dismissal," and not all of the records lodged with the Court. (*Id*. at 3.) *See also* Rules 5(c) and 5(d) of

the Rules Governing Section 2254 Cases ("Habeas Rules"). The Court issued that Order on July 27, 2017.

The next day, Respondent notified the Court that he had—once again—provided Petitioner with all of the records cited in the Motion for Summary Dismissal that Petitioner did not already possess. (Dkt. 69.) Now, Petitioner again alleges that Respondent has not complied with the Court's instructions to produce certain state court records. (Dkt. 71.) Petitioner has also filed motions for sanctions based on the alleged noncompliance and has requested a hearing on the request for sanctions.[1] (72, 75, 77.)

Respondent states that he has complied, more than once, with the Court's instruction to provide to Petitioner the records cited in Respondent's Motion for Summary Dismissal. Petitioner says this is untrue. However, Petitioner's contention is based on an argument that this Court has already rejected multiple times.

Petitioner acknowledges, in his request for sanctions dated August 7, 2017, that he did, in fact, receive from Respondent an envelope containing 328 pages. (Dkt. 72 at 2.) Petitioner does not contend that this envelope was missing any of the records Respondent identified as having been sent to Petitioner on June 13 and—again—on July 28, 2017. (*See* Dkt. 46, 69.) Instead, Petitioner states that this production of records does not comply with the Court's previous orders because the Motion for Summary Dismissal

---

[1] Petitioner also contends that a prison paralegal refuses to allow Plaintiff to copy necessary documents to send to Respondent in connection with this litigation. (Dkt. 70.) Because the right to receive copies of Petitioner's filings belongs to Respondent, and because Respondent has not objected that he has not been provided copies of Petitioner's filings, Petitioner's request for a Court order allowing copying at the prison will be denied.

**MEMORANDUM DECISION AND ORDER - 3**

states that it is "based upon all the pleadings and documents previously filed with this Court." (*Id*. at 2.) Therefore, Petitioner argues, Respondent was required by Court order to provide him with the entire state court record lodged with the Court.

Petitioner has been informed, on multiple occasions, that he is not entitled to the entirety of Respondent's lodging, and the Court has never ordered Respondent to provide Petitioner with the entire lodging. Rather, Petitioner is entitled, pursuant to the Habeas Rules and this Court's previous Orders, to copies of all of the records specifically cited in Respondent's Motion for Summary Dismissal that he did not already possess:

1. Amended Information (State's Lodging A-1, pp.83-84).
2. Verdicts (State's Lodging A-1, pp.103-08).
3. Judgment of Conviction (State's Lodging A-1, pp.139-41).
4. Reporter's Transcript of hearing on April 4, 1983 (State's Lodging A-16).
5. Petition for Post-Conviction Relief (State's Lodging E-35, pp.3-15).
6. Memorandum Decision and Judgment and Order Thereon (State's Lodging E-35, pp.105-17).
7. Court Minutes (State's Lodging G-57, pp.133-37).
8. Findings of the Court in Considering the Death Penalty (State's Lodging G-57, pp.164-69).
9. Judgment (State's Lodging G-57, pp.170-71).
10. Appellant's Brief (State's Lodging H-62, pp. xv-79).

**MEMORANDUM DECISION AND ORDER - 4**

11. Petition for Post-Conviction Relief (State's Lodging I-71, pp.3-15).

12. Order Dismissing the Defendant's Amended Petition for Post-Conviction Relief (State's Lodging I-71, pp.48-52).

13. Petition for Post-Conviction Relief (State's Lodging K-88, pp.3-8).

14. Memorandum Decision and Order (State's Lodging K-88, pp.102-05).

15. Petition for Post-Conviction Relief or Writ of Habeas Corpus/Motion to Correct Illegal Sentence, to Vacate Sentence of Death, and for New Sentencing Trial (State's Lodging M-1, pp.122-32).

16. Memorandum Decision and Order (State's Lodging M-2, pp.310-19).

17. Motion to Dismiss Appeal (State's Lodging N-2).

18. Brief in Support of Respondent's Motion to Dismiss Appeal (State's Lodging N-3).

19. Order Granting Motion to Dismiss Appeal (State's Lodging N-7).

20. Post-Conviction Petition (State's Lodging O-1, pp.4-21).

21. Order Dismissing Successive Petition for Post-Conviction Relief (State's Lodging O-1, pp.99-100).

22. Order Denying Petition for Review (State's Lodging P-8).

23. Appellant's Brief (State's Lodging R-1).

**MEMORANDUM DECISION AND ORDER - 5**

24. Order Denying Petition for Review (State's Lodging R-7).

25. Remittitur (State's Lodging R-8).

(*See* Dkt. 46 at 2-3.)

Petitioner does not dispute that he has been provided with these particular records. Therefore, Plaintiff's failure to file a supplemental response to the Motion for Summary Dismissal was not a result of Respondent's actions, but was Petitioner's own choice. He had the required documents, but yet he did not file a supplemental response.

Petitioner's continued accusations that Respondent has violated the Court's orders are demonstrably false. Therefore, Petitioner's motions for sanctions and request for hearing will be denied.

## BACKGROUND

Petitioner was convicted of felony murder and possession of a firearm and sentenced to death.[2] *Sivak v. Hardison*, 658 F.3d 898, 902 (9th Cir. 2011). Petitioner was later granted habeas relief with respect to his death sentence. *See Sivak v. Hardison*, Case No. 1:96-cv-00056-BLW (D. Idaho), Dkt. 372. Petitioner was resentenced, in state court, to life imprisonment without the possibility of parole. (State's Lodging Q-3 at 529-30.) The judgment was entered on August 28, 2013. The state district court denied Petitioner's motion to correct an illegal sentence under Idaho Criminal Rule 35. (*Id*. at 546-47.)

---

[2] Though Petitioner was also initially convicted of robbery, the Idaho Supreme Court later vacated that conviction because it merged with Petitioner's conviction for first-degree felony murder as a lesser-included offense. *Sivak v. State*, 731 P.2d 192, 208 (Idaho 1986).

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner appealed, arguing that the district court abused its discretion in sentencing Petitioner to fixed life and in denying the Rule 35 motion. (State's Lodging R-1.) The Idaho Court of Appeals affirmed. (State's Lodging R-5.) The Idaho Supreme Court denied review and issued the remittitur on December 12, 2014.

Petitioner filed the instant Petition in this Court, at the earliest, on April 3, 2016.[3] The Court previously reviewed the Petition and dismissed all claims that challenged any aspect of Petitioner's conviction or sentence other than his fixed life sentence. (*See* Successive Review Order, Dkt. 13, at 12-13, describing the claims subject to summary dismissal at that stage as claims challenging (1) Petitioner's conviction (as opposed to his sentence), (2) Petitioner's previously-vacated death sentence, and (3) conditions of Petitioner's confinement.) Following the Court's Successive Review Order, only the following claims remain: Claim 8(b) through (f); Claim 14; Claim 18(b); Claim 19; Claim 20; Claim 22; Claim 23; Claim 24; Claim 26(b); Claim 29(b); Claim 30; Claim 33(a) through (c) and (g) through (j); and Claim 35, "but *only* to the extent [these claims] challenge Petitioner's life sentence."[4] (*Id*. at 14). Petitioner asserts as follows:

Claim 8(b)-(f): (b) Ineffective assistance of counsel, (c) denial of DNA testing, (d) ineffective assistance of counsel, (e) "questionable

---

[3] The Court did not receive the Petition until May 5, 2016, and it is unclear when Petitioner delivered the Petition to prison authorities for filing by mail. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (mailbox rule); Habeas Rule 3(d). The Court will assume, for purposes of this decision, that Plaintiff delivered the Petition to prison staff the day he signed it—on April 3, 2016. (*See* Dkt. 2-1 at 39.)

[4] The Court mistakenly neglected to include Claim 21 in its initial list of claims subject to the successive petitions bar (Dkt. 13 at 12), but later accurately included that claim in those dismissed because they did not challenge Petitioner's life sentence (*id*. at 14). Claim 21, therefore, has already been dismissed.

**MEMORANDUM DECISION AND ORDER - 7**

| | |
|---|---|
| | acts" in Petitioner's previous habeas case, and (f) violation of Petitioner's "appeal rights." (Dkt. 2 at 15-21; Dkt. 10 at 6.) |
| Claim 14: | (a) Destruction of Petitioner's files, (b) "false testimony," and (c) disposal of "a lot of case material" by a parole officer and another individual. (Dkt. 2 at 30-32; Dkt. 10 at 6.) |
| Claim 18(b): | The judge committed judicial misconduct during Petitioner's resentencing. (Dkt. 2 at 36-37; Dkt. 10 at 6.) |
| Claim 19: | After Petitioner's resentencing, (a) he "was kidnapped" and taken from prison to jail "without files or property," and (b) he was denied adequate medical care, both of which resulted in an unconstitutional sentence. (Dkt. 2 at 37-39; Dkt. 10 at 6.) |
| Claim 20: | Certain state attorneys committed misconduct, and the state refused to disbar them. (Dkt. 2 at 39; Dkt. 10 at 6.) |
| Claim 22: | Petitioner's resentencing should have been conducted by a jury, rather than a judge, even though he was not sentenced to death. (Dkt. 2 at 41-42; Dkt. 2-1 at 1; Dkt. 10 at 6.) |
| Claim 23: | Petitioner's life sentence is illegal because (a) it is excessive in violation of the Eighth Amendment, (b) certain documents "vanished," (c) a jury, rather than a judge, must determine whether a sentence is "death or fixed life," and (d) the sentence constitutes an ex post facto law. (Dkt. 2-1 at 1-5; Dkt. 10 at 6.) |
| Claim 24: | The Idaho Attorney General "has misled the U.S. courts and needs to be banned." (Dkt. 2-1 at 5-6; Dkt. 10 at 6.) |
| Claim 26(b): | Ineffective assistance of appellate counsel during the 2013 appeal of Petitioner's life sentence. (Dkt. 2-1 at 7-9; Dkt. 10 at 6.) |
| Claim 29(b): | Ineffective assistance of counsel based on counsel's "refus[al] to do [Petitioner's] appeal." (Dkt. 2-1 at 11-13; Dkt. 10 at 7.) |
| Claim 30: | Certain witnesses committed perjury. (Dkt. 2-1 at 13-14; Dkt. 10 at 7.) |

| | |
|---|---|
| Claim 33(a)-(c): | (a) At Petitioner's resentencing, the judge interrupted his allocution; (b) Petitioner was denied the right to represent himself at resentencing; (c) Petitioner received ineffective assistance of counsel during the resentencing proceedings. (Dkt. 2-1 at 15-20; Dkt. 10 at 7.) |
| Claim 33(g)-(j): | Ineffective assistance of resentencing counsel based on the failure to offer evidence that Petitioner saved the lives of several prison guards; (h) ineffective assistance of resentencing counsel based on the failure to offer evidence that Petitioner saved a deputy's life and prevented the escape of an inmate from the Ada County Jail; (*i*) Petitioner's fixed life sentence is unconstitutional on various grounds; and (j) the resentencing judge "was unhappy" with Petitioner's allocution. (Dkt. 2-1 at 15-20; Dkt. 10 at 7.) |
| Claim 35: | The prosecution failed to disclose, and Petitioner's resentencing counsel failed to obtain, certain discovery. (Dkt. 2-1 at 21-22; Dkt. 10 at 7.) |

(*See also* Dkt. 13 at 3-8.)

## DISCUSSION

The Habeas Rules authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations and are procedurally defaulted. Based on the current record, the Court agrees. Because Petitioner (1) is not entitled to statutory tolling of the statute of limitations period, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of

**MEMORANDUM DECISION AND ORDER - 9**

actual innocence, the Petition appears to be subject to summary dismissal as untimely. Further, because none of Petitioner's claims was properly exhausted in state court, and because the time to do so has now expired, the claims also appear to be subject to summary dismissal as procedurally defaulted.

The Court will allow Petitioner the opportunity to address the Court's analysis within 21 days after entry of this Order.

1. **The Petition Appears Barred by the Statute of Limitations**

    A. *Standards of Law Governing the Statute of Limitations*

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5] 28 U.S.C. § 2244(d)(1)(A). One year, in this context, actually means 366 days, for example, from January 1, 2001, to January 1, 2002. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure

---

[5] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 10**

6(a) to AEDPA, where the calculation excludes the day the conviction became final). Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

**Action Taken** | **Finality Occurs**

| Action Taken | Finality Occurs |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if a petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities.

**MEMORANDUM DECISION AND ORDER - 11**

*Gonzales v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

### B. Date of Finality Triggering the Statute of Limitations

Because Petitioner did not file a petition for certiorari following the Idaho courts' affirmance of his fixed life sentence, that sentence became final on March 12, 2015—90 days after the Idaho Supreme Court denied the petition for review of the decision of the Idaho Court of Appeals. *See* U.S.S.Ct. Rule 13.

Absent tolling, the statute of limitations would have expired one year later, on March 14, 2016.[6] Petitioner filed his Petition in this Court on April 3, 2016. Therefore, the claims in the Petition are barred by AEDPA's one-year statute of limitations unless Petitioner establishes that he is entitled to statutory or equitable tolling or that he is actually innocent.

### C. Statutory Tolling

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for

---

[6] The statute would technically have expired on March 12, 2016, but—because that day was a Saturday—the Petition was due the following business day: Monday, March 14, 2016.

**MEMORANDUM DECISION AND ORDER - 12**

postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. To warrant tolling, the collateral relief application must be "properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

However, Petitioner did not pursue state post-conviction relief, with the possible exception of his Rule 35 motion. *See Wall*, 562 U.S. at 555-56. The denial of that motion was affirmed on direct appeal, and, therefore, became final on March 12, 2015—the same date as Petitioner's life sentence. Because the motion was not "pending" during any part of the statute of limitations period, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

### D. *Equitable Tolling*

The doctrine of equitable tolling allows a court to hear the merits of an otherwise untimely claim if the petitioner can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner requesting equitable tolling must show "reasonable diligence, not "maximum feasible diligence," *id.* at 653, and "whether a petitioner acted with reasonable diligence is a fact-specific inquiry," *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high,

lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted).

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case, but he will be given an opportunity to do so.

### E. *Actual Innocence*

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted).

Although there is no credible evidence in the record suggesting that Petitioner is actually innocent, Petitioner will have an opportunity to show that he is entitled to application of the miscarriage-of-justice exception.

**MEMORANDUM DECISION AND ORDER - 14**

## 2. The Claims in the Petition Appear Subject to Dismissal as Procedurally Defaulted

### A. *Standards of Law Governing Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

**MEMORANDUM DECISION AND ORDER - 15**

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

### B. *All of Petitioner's Claims Appear Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On direct appeal from the imposition of his life sentence, Petitioner argued only that the sentencing judge abused his discretion, under Idaho state law, by sentencing Petitioner to life in

**MEMORANDUM DECISION AND ORDER - 16**

prison without the possibility of parole and by denying Petitioner's Rule 35 motion.[7] (State's Lodging R-1.)

Petitioner raised no federal claims on direct appeal of his fixed life sentence, and he did not pursue any other appeal involving that sentence. Therefore, none of the claims in the Petition is exhausted. Further, because it is now too late for Petitioner to exhaust those claims, they appear to be procedurally defaulted. *See Gray*, 518 U.S. at 161-62; *see also* Idaho Code § 19-4902 ("An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later."); Idaho Code § 19-4908 ("All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application.").

### C. *Exceptions to Procedural Default*

The Court's conclusion that Petitioner's claims appear procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

---

[7] "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

**MEMORANDUM DECISION AND ORDER - 17**

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel ("IAC") to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted). If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

**MEMORANDUM DECISION AND ORDER - 18**

With respect to the actual-innocence exception to procedural default, courts apply the same standard as in the statute of limitations context. *See McQuiggin*, 133 S. Ct. at 1928; *Schlup*, 513 U.S. at 314-15.

Petitioner has not established cause and prejudice or actual innocence to excuse the default of his claims, but he may attempt to do so in response to this Order.

## CONCLUSION

For the foregoing reasons, the Petition appears subject to summary dismissal. Petitioner shall have 21 days after entry of this Order to file a supplemental response, setting forth any reason why the Petition should not be dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Request for Court Order to Allow Copying of Documents (Dkt. 70) is DENIED.

2. Petitioner's first Rule 11 Motion for Sanctions (Dkt. 72) is DENIED as frivolous.

3. Petitioner's Request Either for a Hearing or for Relief (Dkt. 75) is DENIED.

4. Petitioner's second Rule 11 Motion for Sanctions (Dkt. 77) is DENIED as frivolous.

5. Respondent's Motion for Summary Dismissal (Dkt. 31) is CONDITIONALLY GRANTED. Within 21 days, Petitioner may file a

supplemental response, setting forth any reason why he believes the above analysis is incorrect. If Petitioner does not file a supplemental response, or if the response does not alter the Court's analysis, the Court will enter a final order and judgment dismissing this action.

6. Within 14 days after service of Petitioner's supplemental response, Respondent may file a supplemental reply.

7. No extensions of time will be considered absent extraordinary circumstances.

DATED: August 29, 2017

B. Lynn Winmill
Chief Judge
United States District Court