UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>                    Petitioner,<br><br>    v.<br><br>JAY CHRISTENSEN,<br><br>                    Respondent. | Case No. 1:16-cv-00189-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a second-in-time Petition for Writ of Habeas Corpus filed by Petitioner Lacey Mark Sivak, challenging Petitioner's amended judgment of conviction for first-degree murder. Petitioner was initially sentenced to death. "After numerous appeals, several capital resentencings and years of litigation," *State's Lodging R-5* at 1, Petitioner obtained sentencing relief through federal habeas corpus proceedings. *Sivak v. Hardison*, 658 F.3d 898 (9th Cir. 2011). The Ninth Circuit affirmed this Court's denial of Petitioner's guilt-phase claims in his first habeas petition. *Id.* Petitioner was resentenced to life imprisonment without the possibility of parole, and the trial court issued an amended judgment of conviction.[1] *State's Lodging Q-3* at 529-30.

---

[1] Thus, although the instant Petition is second-in-time, it is not "second or successive" for purposes of 28 U.S.C. § 2244(b). *See Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) ("[W]here … there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all."); *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012). ("[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive, even if its claims could have been raised in a prior petition or the petitioner effectively challenges an unamended component of the judgment.") (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 1**

The Court previously dismissed numerous claims asserted in the Petition, including (1) civil rights claims challenging the conditions of Petitioner's confinement, *see Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc); (2) claims challenging Petitioner's previously-vacated death sentence; and (3) claims that did not assert a freestanding, cognizable, federal constitutional claim. *Dkt. 13* at 9 n.3, 12-14. On September 27, 2018, the Court also dismissed Petitioner's resentencing claims as procedurally defaulted without excuse. *Dkt. 116*.

As a result, the only claims remaining for adjudication are Petitioner's guilt-phase claims challenging his murder conviction.[2] Having carefully reviewed the record in this matter, including the available state court record, the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order dismissing Petitioner's remaining claims.

**1.     Background**

The Court takes judicial notice of the records from Petitioner's state court proceedings that occurred after Petitioner's first federal habeas case, which have been lodged by Respondent.[3] *Dkt. 19, 85*. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451

---

[2] Though the Court initially dismissed Petitioner's guilt-phase claims, it later vacated that dismissal pursuant to *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012). *Dkt. 13, 116*.

[3] The Court has been unable to locate the state court records that the state lodged with the Court in Petitioner's first federal habeas case: State's Lodging A-1 through A-20; B-21 through B-28; C-29; D-30 through D-34; E-35 through E-50; F-51 through F-56; G-57 through G-61; H-62 through H-69; I-70 through I-73; J-74 through J-87; K-88 through K-90; L-91 through L-98; M-1 through M-5; and N-1 through N-8. *See Dkts. 140 & 325* in *Sivak v. Hardison*, Case No. 1:96-cv-00056-BLW. The records found in, and sent to the Court from, the archives do not include these lodgings. However, because the Court determines below that presentation of a claim challenging the *initial* judgment of conviction does not serve to fairly present the similar claim when challenging an *amended* judgment of conviction, it has

**MEMORANDUM DECISION AND ORDER - 2**

F.3d 550, 551 n.1 (9th Cir. 2006). The Court need not repeat the factual or procedural history of this case except as necessary to explain its decision.

On August 28, 2013, after Petitioner's latest resentencing hearing, the trial court entered an amended judgment of conviction. *State's Lodging Q-3* at 529-30. That amended judgment—rather than the initial judgment with respect to which Petitioner obtained habeas relief from his death sentence—is the judgment challenged in the instant Petition. *See Magwood*, 561 U.S. at 339-40; *Wentzell*, 674 F.3d at 1127. As the Court has already explained, the only claims that Petitioner raised when he challenged the amended judgment, on direct appeal, were that the sentencing court abused its discretion, under Idaho law, by (1) sentencing Petitioner to fixed life and (2) denying Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35. *Dkt. 82* at 16-17, citing *State's Lodging R-1*. The Idaho Court of Appeals rejected these claims, and the Idaho Supreme Court denied review.

Petitioner did not pursue any other appeal with respect to the amended judgment of conviction.

2. **Claims at Issue**

Given the Court's previous dismissals, the following claims remain—but only to the extent the claims challenge Petitioner's guilt-phase proceedings:

> Claim 1: Petitioner was subjected to excessive force during arrest and denied medical care, which might have affected Petitioner's 1981 trial….

---

been unnecessary for the Court to review those previously-lodged state court records. It is for this reason that the Court has not instructed Respondent to lodge those records once again.

**MEMORANDUM DECISION AND ORDER - 3**

| | |
|---|---|
| Claim 2: | Petitioner asserts he was secretly trained by the U.S. government, but that training was kept secret. As a result, (a) Petitioner received ineffective assistance of trial counsel when counsel failed pursue a defense related to this training, and (b) the trial judge was biased against Petitioner.… |
| Claim 3: | The trial judge "tamper[ed] with [Petitioner's] ability to seek redress" in violation of the Eighth and Fourteenth Amendments.… |
| Claim 4: | Petitioner was denied the effective assistance of counsel with respect to an affidavit that "vanished from the files."… |
| Claim 5: | Several witnesses were not excluded from trial prior to their testimony.… |
| Claim 6: | Petitioner's trial counsel knew that an individual had threatened certain witnesses into silence, yet "covered it up."… |
| Claim 7: | Petitioner's attorney blackmailed Petitioner's family into paying for an evaluation of Petitioner by stating that if the family did not pay, Petitioner would receive the death penalty.… |
| Claim 8: | (a) The trial judge prohibited Petitioner "from being able to address matters," (b) Petitioner received ineffective assistance of counsel, [and] (c) Petitioner was denied DNA testing .… |
| Claim 9: | (a) Ineffective assistance of trial counsel on various grounds, (b) police misconduct, and (c) bias against Petitioner based on the marriage between a prosecutor and a lab technician.… |
| Claim 10: | (a) Unconstitutional jury instructions or verdict form, and (b) a double jeopardy violation based on the jury's verdict on certain counts.… |
| Claim 11: | Petitioner was denied an arraignment and a preliminary hearing.… |

| | |
|---|---|
| Claim 12: | (a) the jury was given an illegal instruction, and (b) Petitioner's rights against double jeopardy were violated based on that instruction…. |
| Claim 13: | Certain testimony at Petitioner's trial was "hypnotically refreshed."… |
| Claim 14: | (a) After Petitioner's trial, the trial judge ordered the destruction of Petitioner's files, (b) "false testimony was bought," and (c) a parole officer and another individual "disposed of a lot of case material."… |
| Claim 15: | Petitioner was denied access to adequate legal materials in jail and prison…. |
| Claim 16: | Ineffective assistance of counsel following Petitioner's trial and 1981 sentencing, based on Petitioner's request to his attorneys to include certain guilt-phase issues and their refusal to do so…. |
| Claim 17: | The jury applied an erroneous standard to the case, based on the judge's statement that the jury "did not needs to worry themselves" about the potential sentence…. |
| Claim 18: | The judge committed judicial misconduct (a) during trial …. |
| … | |
| Claim 20: | Certain state attorneys committed misconduct, and the state refused to disbar them…. |
| Claim 21: | Certain testimony given at trial was not accurately transcribed by the court reporter…. |
| … | |
| Claim 25: | Petitioner was not arraigned on two counts of unlawful possession of a firearm, which were added in an amended information…. |

| | |
|---|---|
| Claim 26: | (a) Ineffective assistance of trial counsel based on counsel's refusal to utilize a defense chosen by Petitioner …. |
| Claim 27: | Petitioner's constitutional rights were violated because (a) he claims that he was acquitted of murder yet was convicted nonetheless …. |
| … | |
| Claim 29: | (a) Ineffective assistance of trial counsel based on actions taken three weeks before trial; (b) ineffective assistance of counsel based on counsel's "refus[al] to do appeal"; (c) judicial bias based on the judge's dislike of Petitioner; (d) illegal jury instructions; (e) prosecutorial misconduct based on the prosecutor's alleged tampering with evidence; (f) ineffective assistance of counsel based on counsel's extortion of Petitioner; (g) Petitioner was drugged during trial; unidentified individuals held "illegal meetings during trial"; (h) the crime scene was contaminated; (*i*) judicial bias based on the judge's statement that Petitioner faced a "stacked deck"; (j) the police delayed care for the victim for purposes of autopsy photos; (k) one of the charges is improper based on an Idaho statute, Idaho criminal rules, and the Ninth Circuit decision in Petitioner's earlier habeas case; (*l*) Petitioner was not arraigned or given a preliminary hearing on Count Three; (m) statements and evidence that were not admitted were in front of the jury; (n) the trial judge engaged in "reprisals"; (*o*) retaliation by Garden City police officers; (p) secret post-trial meetings between the trial judge and another individual who was ordered to destroy evidence and files; (q) other post-trial destruction of files; (r) some evidence was "tainted and destroyed"; (s) witnesses were not excluded from trial; and (t) Petitioner could not participate at trial because he was on drugs…. |
| Claim 30: | Certain witnesses committed perjury…. |
| Claim 31: | The "prosecutor was involved with buying false testimony for the 1981 trial."… |

| | | |
|---|---|---|
| Claim 32: | | Petitioner "was acquitted of premeditated murder," as shown by a "jury question."… |
| Claim 33: | | … (d) certain evidence that was the subject of trial testimony was destroyed during testing, and the testing was therefore improper; (e) ineffective assistance of trial counsel based on counsel's dealing with certain evidence and allowing Petitioner to be drugged during trial; [and] (f) the trial judge did not disclose certain facts, which perhaps would have led to recusal, under after trial …. |
| Claim 34: | | Ineffective assistance of trial counsel based on counsel's failure to argue that Petitioner was immune from prosecution…. |

*See Dkt. 13* at 2-9, 9 n.3, and 13; *Dkt. 82* at 16-17; *Dkt. 116* at 5-18 (citations and footnotes omitted).

Respondent now contends that, like Petitioner's resentencing claims, his guilt-phase claims are also procedurally defaulted without excuse. For the following reasons, the Court agrees.[4]

**3.    Discussion**

In its previous decision on Petitioner's resentencing claims, the Court set forth in detail the standards regarding summary dismissal and procedural default; these same standards govern Petitioner's guilt-phase claims. *See Dkts. 82 & 116.* That is, if Petitioner did not fairly present his guilt-phase claims to the Idaho Supreme Court, in a challenge to the state court judgment pursuant to which Petitioner is in custody, those claims are procedurally defaulted and must be dismissed unless Petitioner shows cause and

---

[4] Therefore, the Court need not address Respondent's argument that, to the extent any of Petitioner's guilt-phase claims can be deemed to have fairly presented to the Idaho Supreme Court, they are subject to dismissal as conclusory.

**MEMORANDUM DECISION AND ORDER - 7**

prejudice or actual innocence to excuse the default. *Id.*; *see also O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Coleman v. Thompson*, 501 U.S. 722 (1991); *Schlup v. Delo*, 513 U.S. 298 (1995).

### A. Because Petitioner Raised No Guilt-Phase Claims on Appeal from Resentencing, All of His Guilt-Phase Claims Are Procedurally Defaulted

Respondent contends that Petitioner's guilt-phase claims are procedurally defaulted because—regardless of whether any of them were raised in a challenge to the initial judgment, before Petitioner was resentenced—they were not raised in a challenge to the amended judgment of conviction, which was entered upon resentencing. Petitioner does not argue otherwise,[5] and the Court agrees with Respondent.

Petitioner did not raise any federal claims during his direct appeal from the amended judgment of conviction, nor did he pursue any other appeal involving that judgment, after his resentencing proceedings. *Dkt. 116* at 17. Thus, Petitioner did not fairly present any of his current guilt-phase claims—as raised in the instant Petition challenging the amended judgment of conviction—to the Idaho appellate courts. *See Wentzell*, 674 F.3d at 1127 ("[P]rocedural default rules—rather than the rules governing 'second or successive' petitions—are the more appropriate tools for sorting out new claims from the old.").

---

[5] The arguments that Petitioner does present in his briefing on his guilt-phase claims (1) have already been rejected by the Court in its previous decisions in this case, (2) are indecipherable, (3) apply to issues not decided in this opinion, and/or (4) are meritless. For example, Petitioner's argument that his pro se filings sufficed to fairly present a claim in state court was previously rejected by the Court and is without merit—for the reasons previously discussed—in any event. *See Dkts. 116 & 132*. Petitioner's accusations that the state has stolen records from him or failed to provide him with records to which he is entitled also require no further discussion.

**MEMORANDUM DECISION AND ORDER - 8**

Even if Petitioner raised his guilt-phase claims on direct appeal from the *initial* judgment of conviction—or during post-conviction proceedings challenging that initial judgment—that fact would not alter the Court's analysis.[6] In *Magwood*, the United States Supreme Court reiterated that "procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not," and held that a habeas petitioner "may not raise in federal court an error that he failed to raise properly in state court in a challenge *to the judgment reflecting the error*." 561 U.S. at 340 (emphasis added).

Because the trial court here issued an amended judgment—which supplanted the initial judgment—the *amended* judgment of conviction is "the judgment reflecting the error[s]" alleged by Petitioner in his current guilt-phase claims. *Id.* Petitioner was required to raise those claims in state court in a challenge *to that amended judgment*, but he did not do so. As a result, Petitioner's current guilt-phase claims are procedurally defaulted.

At first blush, this result might seem counter-intuitive. After all, if a petitioner fairly presented a claim on direct appeal of an initial judgment of conviction, the petitioner's failure to raise the claim again—on appeal from an amended judgment of conviction—does not erase the fact that the highest state court addressed that similar claim in a previous appeal. However, this result is, without a doubt, the logical extension

---

[6] As explained in note 3, above, because the relevant state court records are missing, the Court has not been able to review which claims Petitioner presented to the Idaho Supreme Court in his numerous challenges to the initial judgment of conviction. Thus, the Court has not determined whether Petitioner did, in fact, fairly present any of his current guilt-phase claims in his challenges to that initial judgment.

**MEMORANDUM DECISION AND ORDER - 9**

of *Magwood*, as interpreted by the Ninth Circuit in *Wentzell*: a petitioner must fairly present to the highest state court any habeas claim challenging *the judgment pursuant to which he currently is in custody*—here, the amended judgment entered following Petitioner's resentencing hearing. As the Circuit made clear in *Wentzell*, "we treat the judgment of conviction as one unit, rather than separately considering the judgment's components, *i.e.,* treating the conviction and sentence for each count separately." 674 F.3d at 1127–28.

Petitioner is no longer in custody pursuant to the initial judgment of conviction, Thus, any guilt-phase claims he may have raised when he attacked that initial judgment could not serve to fairly present his current guilt-phase claims, all of which attack the *amended* judgment of conviction. Because Petitioner raised no guilt-phase claims on direct appeal from the amended judgment, and because it is now too late for Petitioner to pursue another state-court challenge to that amended judgment, Petitioner's guilt-phase claims are procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

### B. *Petitioner Has Not Shown a Legal Excuse for the Default of His Guilt-Phase Claims*

The Court has already explained why Petitioner is not excused from the default of his resentencing claims based on cause and prejudice or actual innocence. *See Dkt. 116* at 5-18. That previous analysis applies equally to the default of Petitioner's guilt-phase claims that were not raised following resentencing and the issuance of the amended judgment, and the Court incorporates its analysis on those issues as if fully set forth in

this opinion. Petitioner has presented nothing new in this most recent round of briefing that persuades the Court to reconsider this issue.

**4. Conclusion**

Because Petitioner did not fairly present his guilt-phase claims to the highest state court in a challenge to the amended judgment of conviction—pursuant to which he is in custody—those claims are procedurally defaulted.[7] Petitioner has not established a legal excuse for the default. Therefore, Petitioner's guilt-phase claims are subject to summary dismissal.

## ORDER

**IT IS ORDERED:**

1. Petitioner's guilt-phase claims are dismissed as procedurally defaulted. Because all of Petitioner's remaining claims have already been dismissed, this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

DATED: August 12, 2019



_____
B. Lynn Winmill
U.S. District Court Judge

---

[7] The Court reiterates that it need not address Respondent's alternative argument that, even if raising a claim in a challenge to an initial judgment of conviction could serve to fairly present that claim when a second-in-time federal petition challenges the amended judgment of conviction, Petitioner did not, in fact, fairly present any of his current guilt-phase claims to the Idaho Supreme Court—at *any* time.

**MEMORANDUM DECISION AND ORDER - 11**