UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>             Petitioner,<br><br>v.<br><br>JAY CHRISTENSEN,<br><br>             Respondent. | Case No. 1:16-cv-00189-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS** |

The Ninth Circuit Court of Appeals has vacated this Court's judgment in this habeas corpus matter and remanded the case for two determinations. First, this Court must consider whether (or which of) Petitioner's guilt-phase claims were fairly presented in state court. Second, as to any guilt-phase claims that were fairly presented, the Court must determine the appropriate disposition of those claims. *See* Dkt. 162 at 4.

The Circuit did not upset this Court's determinations that (1) Petitioner's resentencing claims are procedurally defaulted without excuse, and (2) Petitioner's civil rights claims and death-penalty claims are noncognizable on federal habeas review.[1] Thus, the only claims remaining are Petitioner's guilt-phase claims.

---

[1] Contrary to Petitioner's continuing insistence that this is a capital case, he was resentenced to life in prison after his death sentence was invalidated. Petitioner is advised that any further

MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS - 1

The State has argued that Petitioner's guilt-phase claims are procedurally defaulted without legal excuse. *See* Dkt. 129 at 21–41. Because the Court previously addressed, and the Circuit reversed on, only one of the rationales offered by the State to support its motion for summary dismissal, that question remains pending on remand. *See* Dkt. 143.

Also pending are numerous motions filed by Plaintiff, as well as a motion filed by Jonah J. Horwitz, of the Federal Defender Services of Idaho ("FDS"), requesting appointment as amicus curiae in support of Petitioner, who is proceeding pro se. FDS seeks leave to file an amicus brief in opposition to the State's procedural default argument. *See* Dkt. 166.

## DISCUSSION

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). The Court will first address Petitioner's multiple motions and will then consider FDS's motion for appointment as amicus.

---

argument that Petitioner is subject to the death penalty may result in sanctions under Rule 11 of the Federal Rule of Civil Procedure, up to and including dismissal of this action.

1.      **Petitioner's Pro Se Motions**

   A.   *Motion to Remain at ISCC, to Hold Hearings at ISCC, to Store Property in Excess of that Permitted by Prison Regulation, and to Return All Property and Files (Dkt. 164)*

Petitioner first asks that he be permitted to remain at the Idaho State Correctional Center ("ISCC") and that the Court hold all hearings at ISCC. He also seeks return of files and other property.

This Motion will be denied. The Court will not micromanage the state department of correction by telling it where to house Petitioner, nor will the Court agree to hold hearings at the prison. As for the return of files and other property, the Court will deny Petitioner's request for the reasons stated below with respect to Petitioner's Motion for Production.

   B.   *Motion to Disqualify Judges (Dkt. 166)*

Petitioner seeks disqualification of the undersigned judge, as well as two other judges: Chief Judge David C. Nye of this District and Judge M. Douglas Harpool of the Western District of Missouri. *See* Dkt. 166 at 1. Disqualification, or recusal, of judges is governed by 28 U.S.C. §§ 144[2] and 455.[3] Petitioner has not

---

[2] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding … makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3] Section 455 provides as follows:

shown that either section—or any case interpreting those sections—applies in this case.

Disqualification is not required where only vague allegations of bias and prejudice are asserted. Nor is it required where the allegations of bias arise from the adjudication of claims or cases by the court during the course of litigation.

---

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

      (i)  Is a party to the proceeding, or an officer, director, or trustee of a party;

      (ii) Is acting as a lawyer in the proceeding;

      (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

      (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS - 4

Such alleged errors are "the basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

Petitioner claims that the judges are biased against him and have covered up crimes. Petitioner also claims that Court staff have "tampered" with this case and that the Court's previous decisions in this case (and Petitioner's previous habeas case) require recusal. *See* Dkt. 166 at 1–5. These allegations are nothing more than vague assertions of bias or are based on previous decisions made in the course of adjudicating Petitioner's cases. Petitioner simply has not shown that disqualification is appropriate. Therefore, Petitioner's Motion to Disqualify will be denied for lack of a viable legal theory and for lack of supporting evidence.

### C.   *Motion for Preliminary Hearing (Dkt. 167)*

Petitioner seeks a hearing in this case and states that he has many witnesses that must be heard. *See* Dkt. 167 at 1–3. However, the Court does not find that an evidentiary hearing is appropriate at this stage of the proceedings.

The Court has not yet determined on remand whether Petitioner's guilt-phase claims are subject to dismissal, nor has the Court determined that an evidentiary hearing is required in considering that issue. Thus, the Court will deny Petitioner's request for a hearing. If the Court later concludes that an evidentiary hearing is necessary, the Court will hold one.

### D.     *Motion for Production (Dkt. 171)*

Petitioner claims that he has had files taken from him by State officials.[4] He asks the Court to order the Idaho Department of Correction to "return all the property and files taken since 1981." Dkt. 171 at 6.

Petitioner does not identify any particular file or other piece of property that he needs in order to continue to litigate this case. Therefore, Petitioner's Motion for Production will be denied as meritless.[5] If, at a later date, Petitioner finds that he lacks certain record documents necessary to present his case, he may request copies of those particular record documents. The Court notes, however, that habeas petitioners are not entitled to a full copy of all state court records at no expense. *See* Rule 5(c) and (d) of the Rules Governing Section 2254 Cases ("Habeas Rules").

### E.     *Motion to Sanction (Dkt. 177)*

Petitioner asks the Court to sanction the State's counsel for "stealing [his] files and most of [his] property," for closing down "access to law books," and

---

[4] In an apparent attempt to assert some other civil claim, Petitioner also alleges that a former guard caused his mother to suffer an overdose of medication. Any such claim is not cognizable because it does not lie at the core of habeas corpus. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).

[5] The Court rejects Petitioner's argument that the Court should grant his Motion for Production merely because the State has not objected to it. *See* Dkt. 182. As the Court has previously explained, the parties are not required to respond to "motions that are meritless, frivolous, or filed in contravention of [the Court's] Order[s]." *See* Dkt. 13 at 17. Thus, Petitioner's Petition for Entry of Ruling Granting Motion for Production will be denied on that basis.

making a particular legal argument. Dkt. 177 at 1–7. Petitioner also alleges that opposing counsel has committed treason.

The Court finds no evidence to support any of Petitioner's arguments.[6] Accordingly, the Court will deny the request for sanctions.

## 2. FDS's Motion for Appointment as Amicus Curiae on Behalf of Petitioner (Dkt. 168)

FDS seeks appointment as amicus in this case to argue on behalf of Petitioner. The Court will grant the Motion.

Though Petitioner has made clear that he does not want counsel to be appointed to represent him, the Court has concluded that an experienced attorney's briefing in support of Petitioner would be helpful in resolving this case. Therefore, the Court will exercise its discretion to appoint Mr. Horwitz as amicus curiae counsel, to argue on behalf of Petitioner. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (holding that district courts have broad discretion in appointing amicus curiae), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

---

[6] The Court also notes that Petitioner has a history of making false and frivolous allegations against opposing counsel. *See* Dkt. 116 at 4 n.3. If Petitioner continues to put forward such baseless accusations, the Court will entertain a motion for Rule 11 sanctions against Petitioner, up to and including dismissal.

### 3. The Court Will Order a New Round of Briefing on Procedural Issues Regarding Petitioner's Guilt-Phase Claims

The parties have already briefed procedural issues with respect to Petitioner's guilt-phase claims. However, the Court finds that additional briefing would be beneficial, due to the appointment of Mr. Horwitz as amicus, the importance of maintaining clarity in the record, and the need for focused briefing as to the remaining procedural issues. Therefore, the Court will permit the State to file a renewed motion for summary dismissal of any or all of Petitioner's remaining claims.

### ORDER

**IT IS ORDERED:**

1. All of Petitioner's pending motions (Dkt. 164, 166, 167, 171, 177, and 182) are DENIED for the reasons explained above.

2. FDS's Motion for Appointment as Amicus Curiae on Behalf of Petitioner (Dkt. 168) is GRANTED. Jonah J. Horwitz of the FDS is hereby APPOINTED amicus curiae.

3. Within 28 days after entry of this Order, the State may file a renewed motion for summary dismissal, addressing any remaining procedural issues—that is, any procedural issues not addressed previously by this Court or the Ninth Circuit—as to Petitioner's guilt-phase claims. Petitioner and amicus curiae must respond to any such motion within

      21 days after service of the motion. The State may file optional replies within 14 days after service of the responses.

4.     Petitioner has made a habit of filing frivolous and malicious motions in this case, and the Court has had to expend an inordinate amount of time considering these improper filings. Consequently, other than the briefing described above, Petitioner may not file anything else in this case until after the Court issues its decision on the procedural issues implicated by his guilt-phase claims. Failure to comply with this (or any other) order of the Court may result in dismissal, with prejudice and without further notice, for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").



DATED: May 5, 2022

_____
B. Lynn Winmill
U.S. District Court Judge