# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>                    Petitioner,<br><br>    v.<br><br>JAY CHRISTENSEN,<br><br>                    Respondent. | Case No. 1:16-cv-00189-BLW<br><br>**PRELIMINARY RULING: RESPONDENT'S MOTION FOR SUMMARY DISMISSAL** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Lacey Mark Sivak ("Petitioner" or "Sivak"), challenging Petitioner's state court conviction. Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *Dkt. 19, 85, 175*; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

The Court concludes that the portions of Claims 10 and 12 pertaining to Petitioner's now-vacated robbery conviction, are moot. In addition, the Court

preliminarily concludes that, with the exception of subclaims (g) and (t) of Claim 29, all other claims in the Petition are procedurally defaulted without excuse.

This is not a final ruling on the Motion for Summary Dismissal. Due to an internal processing error, the Court mistakenly sent some of its earlier orders to Amicus Counsel rather than to Petitioner himself. The Court remedied this mistake, on February 1, 2023, by sending Plaintiff copies of all orders issued since appointing Amicus.

None of these orders dealt with the substance of Respondent's Motion for Summary Dismissal, but it is now without question that the parties have all materials necessary to litigate the Motion for Summary Dismissal. Thus, in an abundance of caution, the Court will provide the parties one final opportunity to set forth their positions on the Motion. The Court's partial grant of the Motion and dismissal of claims in this Order is conditional. The parties may address the Court's analysis within 21 days after entry of this Order.

## PETITION FOR SANCTIONS AGAINST RESPONDENT

Petitioner has repeatedly made baseless accusations against Respondent's counsel and state employees, contending that he is being denied access to his legal materials. The Court has repeatedly rejected these contentions as unsupported by any evidence, and Petitioner has been warned that making such frivolous and

malicious accusations could result in sanctions, up to and including dismissal. *See Dkt. 185* at 7 n.6

On December 29, 2022, the Court denied Petitioner's then-most recent motion asserting such claims, finding that Petitioner's accusations were—once again—unsupported by any admissible evidence. *Dkt. 224*. Following that Order, Petitioner submitted another frivolous motion, which the Court will deny for the same reasons. *Dkt. 225*. However, because the Court's December 29, 2022 Order appears to have crossed in the mail with Petitioner's newest motion, the Court declines to sanction Petitioner at this time.

The Court now turns to Respondent's Motion for Summary Dismissal.

## MOTION FOR SUMMARY DISMISSAL

The parties are familiar with the factual and procedural history of Petitioner's state and federal efforts challenging his convictions and sentences for his crimes. Such facts and history will not be repeated here except as necessary to explain the Court's decision.

The Court previously dismissed Petitioner's guilt-phase and resentencing claims as procedurally defaulted and his civil rights claims as noncognizable in this habeas case. The Ninth Circuit reversed as to Petitioner's guilt-phase claims but upheld the dismissal of Petitioner's resentencing and civil rights claims. *Dkt. 162*.

Therefore, the following guilt-phase claims are the only claims remaining in this action:

Claim 1:    Petitioner was subjected to excessive force during arrest and denied medical care, which might have affected Petitioner's 1981 trial....

Claim 2:    Petitioner asserts he was secretly trained by the U.S. government, but that training was kept secret. As a result, (a) Petitioner received ineffective assistance of trial counsel when counsel failed pursue a defense related to this training, and (b) the trial judge was biased against Petitioner....

Claim 3:    The trial judge "tamper[ed] with [Petitioner's] ability to seek redress" in violation of the Eighth and Fourteenth Amendments....

Claim 4:    Petitioner was denied the effective assistance of counsel with respect to an affidavit that "vanished from the files."...

Claim 5:    Several witnesses were not excluded from trial prior to their testimony....

Claim 6:    Petitioner's trial counsel knew that an individual had threatened certain witnesses into silence, yet "covered it up."...

Claim 7:    Petitioner's attorney blackmailed Petitioner's family into paying for an evaluation of Petitioner by stating that if the family did not pay, Petitioner would receive the death penalty....

Claim 8:    (a) The trial judge prohibited Petitioner "from being able to address matters," (b) Petitioner received ineffective assistance of counsel, [and] (c) Petitioner was denied DNA testing ....

Claim 9:    (a) Ineffective assistance of trial counsel on various grounds, (b) police misconduct, and (c) bias against Petitioner based on the marriage between a prosecutor and a lab technician....

Claim 10:    (a) Unconstitutional jury instructions or verdict form, and (b) a double jeopardy violation based on the jury's verdict on certain counts….

Claim 11:    Petitioner was denied an arraignment and a preliminary hearing….

Claim 12:    (a) the jury was given an illegal instruction, and (b) Petitioner's rights against double jeopardy were violated based on that instruction….

Claim 13:    Certain testimony at Petitioner's trial was "hypnotically refreshed."…

Claim 14:    (a) After Petitioner's trial, the trial judge ordered the destruction of Petitioner's files, (b) "false testimony was bought," and (c) a parole officer and another individual "disposed of a lot of case material."…

Claim 15:    Petitioner was denied access to adequate legal materials in jail and prison….

Claim 16:    Ineffective assistance of counsel following Petitioner's trial and 1981 sentencing, based on Petitioner's request to his attorneys to include certain guilt-phase issues and their refusal to do so….

Claim 17:    The jury applied an erroneous standard to the case, based on the judge's statement that the jury "did not needs to worry themselves" about the potential sentence….

Claim 18:    The judge committed judicial misconduct (a) during trial ….

…

Claim 20:    Certain state attorneys committed misconduct, and the state refused to disbar them….

Claim 21:    Certain testimony given at trial was not accurately transcribed by the court reporter….

…

Claim 25:    Petitioner was not arraigned on two counts of unlawful possession of a firearm, which were added in an amended information....

Claim 26:    (a) Ineffective assistance of trial counsel based on counsel's refusal to utilize a defense chosen by Petitioner ....

Claim 27:    Petitioner's constitutional rights were violated because (a) he claims that he was acquitted of murder yet was convicted nonetheless ....

...

Claim 29:    (a) Ineffective assistance of trial counsel based on actions taken three weeks before trial; (b) ineffective assistance of counsel based on counsel's "refus[al] to do appeal"; (c) judicial bias based on the judge's dislike of Petitioner; (d) illegal jury instructions; (e) prosecutorial misconduct based on the prosecutor's alleged tampering with evidence; (f) ineffective assistance of counsel based on counsel's extortion of Petitioner; (g) Petitioner was drugged during trial; unidentified individuals held "illegal meetings during trial"; (h) the crime scene was contaminated; (*i*) judicial bias based on the judge's statement that Petitioner faced a "stacked deck"; (j) the police delayed care for the victim for purposes of autopsy photos; (k) one of the charges is improper based on an Idaho statute, Idaho criminal rules, and the Ninth Circuit decision in Petitioner's earlier habeas case; (*l*) Petitioner was not arraigned or given a preliminary hearing on Count Three; (m) statements and evidence that were not admitted were in front of the jury; (n) the trial judge engaged in "reprisals"; (*o*) retaliation by Garden City police officers; (p) secret post-trial meetings between the trial judge and another individual who was ordered to destroy evidence and files; (q) other post-trial destruction of files; (r) some evidence was "tainted and destroyed"; (s) witnesses were not excluded from trial; and (t) Petitioner could not participate at trial because he was on drugs....

Claim 30:    Certain witnesses committed perjury....

Claim 31:     The "prosecutor was involved with buying false testimony for the 1981 trial."…

Claim 32:     Petitioner "was acquitted of premeditated murder," as shown by a "jury question."…

Claim 33:     … (d) certain evidence that was the subject of trial testimony was destroyed during testing, and the testing was therefore improper; (e) ineffective assistance of trial counsel based on counsel's dealing with certain evidence and allowing Petitioner to be drugged during trial; [and] (f) the trial judge did not disclose certain facts, which perhaps would have led to recusal, under after trial ….

Claim 34:     Ineffective assistance of trial counsel based on counsel's failure to argue that Petitioner was immune from prosecution….

*See Dkt. 13* at 2-9, 9 n.3, and 13; *Dkt. 82* at 16-17; *Dkt. 116* at 5-18; Dkt. 143 at 3–7 (citations and footnotes omitted).

Respondent argues that all of these claims must be dismissed as vague and conclusory and as procedurally defaulted. *Dkt. 188* at 16–18, 22–41. Respondent also argues that portions of Claims 10 and 12—to the extent those claims assert a double jeopardy violation based on Petitioner's initial convictions for both robbery and felony murder—are moot. *Id*. at 26–27.

## DISCUSSION

## 1.     Standard of Law Governing Summary Dismissal

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records

subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2.     **Many of Petitioner's Claims Are Vague and Conclusory, But that Does Not Prohibit the Court from Construing Them to the Same Extent They Were Raised in State Court**

Respondent is correct that many of Petitioner's claims are not the model of clarity at best and are overly vague at worst. However, the Court concludes that this is not necessarily dispositive.

Given the liberal construction that courts must give to pro se prisoner filings, the Court will construe the vague and conclusory claims in the Petition to the same extent they were raised in state court. That is, unless a claim clearly asserts otherwise, the Court will consider it as the same claim that Petitioner raised in state court, supported by the same facts and legal theories.

3.     **Portions of Claims 10 and 12 Are Subject to Dismissal as Moot**

In Claims 10 and 12, Petitioner appears to include argument that he was subjected to double jeopardy. This argument seems to be based on the fact that Petitioner was initially convicted of both robbery and felony murder.

Petitioner raised this claim in his second state court appeal. The Idaho Supreme Court *agreed* and vacated the robbery conviction, holding that, because

the robbery conviction merged with the felony murder conviction, Petitioner could not be convicted of both crimes. *Sivak II*, 731 P.2d 192, 206 (Idaho 1986) ("[R]obbery is a lesser included offense of felony-murder and, therefore, the robbery conviction merges as a lesser included offense of the felony murder conviction."). As a result, Petitioner's double jeopardy claims based on the robbery conviction are moot and must be dismissed.

**4.     With the Exception of Claim 29(g) and (t), All Guilt-Phase Claims Appear Subject to Dismissal as Procedurally Defaulted**

### A.     *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011)

(internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . . is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id*. (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent

because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

**B.      Procedural Default Analysis**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in Petitioner's state court appellate proceedings and compare them to the subject matter of the claims in this action.

### i.      Petitioner's First Appeal

In his first appeal, Petitioner raised only a single guilt-phase claim—that the jury instruction regarding use of a firearm was improper.[1] *State's Lodging B-21* at 79. However, Petitioner did not raise a *federal* challenge to that instruction. Instead, his claim was based entirely on state law.

Specifically, Petitioner relied on *State v. Thompson*, 614 P.2d 970, 977 (Idaho 1980), which held that only the actual possessor of a firearm could be found guilty of possession of a firearm. *State's Lodging B-21* at 80. The Idaho Supreme Court held that the firearm instruction was proper under state law. *Sivak I*, 674 P.2d 396, 404 (Idaho 1983). Because the only guilt-phase claim Petitioner raised in his first appeal was based on Idaho state law, that appeal did not fairly present any of Petitioner's remaining federal claims to the state appellate court.

---

[1] Respondent construes the argument with respect to the firearm instruction a sentencing claim. Though most of Petitioner's appellate brief on this issue was indeed focused on sentencing, Petitioner did raise, in passing, a guilt-phase claim based on the instruction. *State's Lodging B-21* at 80 ("Because the [trial] court failed to instruct the jury that liability for possession of the firearm could not be grounded on Sivak's possible status as an aider or abettor, as *Thompson* requires, his conviction on Ct. IV must be reversed.").

ii.      Petitioner's Second Appeal

On appeal from the denial of Petitioner's initial state post-conviction

petition, Petitioner raised mostly sentencing claims. However, three claims made in

this second appeal appear to be guilt-phase claims.

First, Petitioner contended that the prosecutor failed to disclose an

agreement with state's witness Jimmy Dale Leytham (identified as "Issue B" in

Petitioner's state appellate briefing). *State's Lodging F-51* at 11, 29–46. In Claim

14(b) of the instant petition, Petitioner alleges that a witness provided false

testimony. *Dkt. 2* at 30–32. However, Claim 14(b) does not mention Jimmy

Leytham. Instead, the claim alleges that witness *Vaughn Killeen* gave false

testimony. *Id*. Therefore, asserting Issue B in state court did not serve to fairly

present Claim 14(b).

Second, Petitioner fairly presented the double jeopardy claim regarding his

robbery conviction ("Issue G" in state court briefing). *State's Lodging F-51* at 12,

101–07. However, as explained above, the current iteration of that issue—portions

of Claims 10 and 12—is moot because Petitioner obtained relief in the state courts.

Third, Petitioner argued that he was denied his due process and

Confrontation Clause rights because he was on pain medication during trial ("Issue

I" in state court briefing). *State's Lodging F-51* at 13, 116–21. This appears to

correspond to Petitioner's contention, in Claim 29(g) and (t), that he was on drugs

during trial. The Court will construe Claim 29(g) and (t) to the same extent the issue was raised in state court. Consequently, it appears that subclaims (g) and (t) of Claim 29 were fairly presented and, thus, are not procedurally defaulted.

Sivak received sentencing relief in this second appeal. The Idaho Supreme Court held that the sentencing court did not consider additional mitigation evidence and remanded for resentencing. *Sivak II*, 731 P.2d at 194–98.

iii.     Petitioner's Third Appeal

Petitioner was re-sentenced to death after remand of his initial post-conviction petition. On appeal from this resentencing, he again obtained sentencing relief, this time because the trial court did not properly weigh the aggravating and mitigating circumstances. *Sivak III*, 806 P.2d 413, 414 (Idaho 1990).

Petitioner also raised three guilt-phase claims in the third appeal. First, he argued that the trial court erred by permitting hypnotically refreshed testimony (identified as "Issue A" in state court briefing). *State's Lodging H-62* at 1–2. Second, he asserted that the prosecution failed to disclose exculpatory information: specifically, incriminating statements by a co-defendant (identified as "Issue B"). *Id*. at 2–9. Third, he argued that his "conviction must be reversed" because of errors "presented in previous proceedings" combined with the errors alleged in the third appeal. *Id*. at 74–78 (identified as "Issue K").

However, the Idaho Supreme Court declined to address any of Petitioner's guilt-phase claims because the remand in *Sivak II* "was only for the purpose of resentencing, not to allow Sivak to begin again his assault on his conviction." *Sivak III*, 806 P.2d at 419. That is, the court invoked a state procedural rule against permitting challenges outside the scope of the remand. Some courts, including the Ninth Circuit, refer to this rule as the "mandate rule."

As early as 1921, the Idaho Supreme Court held that the "mandate of [a] reviewing court is binding upon the lower court[] and must be strictly followed." *Mountain Home Lumber Co. v. Swartwout*, 197 P. 1027, 1028 (Idaho 1921). If a given issue is "a subsidiary issue fairly comprised" in the proceedings that were remanded, then the trial court may consider it. *Walters v. Indus. Indem. Co. of Idaho*, 949 P.2d 223, 225 (Idaho 1997). Any other claims are outside the scope of the mandate and are procedurally barred. Petitioner has not come forward with any citations establishing that this procedural rule is inadequate or is dependent on federal law.

Amicus, however, argues that Claim 13 of the instant Petition—the claim based on hypnotically refreshed testimony—was, in fact, fairly presented to the state court in this third appeal. According to Amicus, the Idaho Supreme Court chose to reject the hypnosis claim on the merits, not based on any procedural bar. *Dkt. 197* at 5–9. Amicus claims that, because the *Sivak III* court referred to

counsel's request that the court "*re*consider" its prior rulings, then it must have

concluded that all of the guilt-phase claims were decided on the merits. The Court

disagrees.

The presumption that a state court denied a claim on the merits does not

apply if there is an "indication or state-law procedural principle[] to the contrary."

*Harrington v. Richter*, 562 U.S. 86, 99 (2011). It would defy logic to conclude that

the Idaho Supreme Court implicitly denied the hypnosis claim on the merits,

despite explicitly invoking the mandate rule for all other guilt-phase claims.

Therefore, the Court concludes that no guilt-phase claim, not even Claim 13, was

fairly presented to the state courts in Petitioner's third appeal.[2]

 iv.  Petitioner's Fourth Appeal

Following the remand in *Sivak III*, the state district court once again

sentenced Petitioner to death. Petitioner appealed, and the resentencing appeal was

consolidated with the appeal from the denial of Petitioner's successive post-

conviction petition. There are two categories of issues raised in this fourth appeal:

---

[2] Amicus also asks the Court to infer that the state court applied *Magwood v. Patterson*, 561 U.S. 320 (2010), to reach the merits of the hypnosis claim. *See Dkt. 197* at 7–8. The Court declines to do so. There is absolutely no indication that the Idaho Supreme Court did so. Further, the Idaho Court of Appeals has rejected the argument that the principle underlying *Magwood* applies in Idaho, at least in the context of sentencing credit for time served. *See Roles v. Valley*, No. 1:22-cv-00112-REP, 2023 WL 2372385, at *2– 3 (D. Idaho March 6, 2023) (unpublished) ("This Court lacks the authority to second-guess the decision of the Idaho Court of Appeals that the grant of Petitioner's Rule 35 motion was not a new or amended judgment under Idaho law.").

(1) issues argued by counsel; and (2) issues that counsel declined to argue but that Petitioner wanted addressed.

a)      *Claims Raised in Counsel's Appellate Brief*

Petitioner's counsel raised a guilt-phase claim that "the district court erred in denying [Sivak's] motion for a new trial which was based upon instructional errors during trial" (identified as Issue A.2. in state court briefing). *State's Lodging J-74* at 3. This claim challenged two jury instructions on reasonable doubt. *Id.* at 16–20.

The Idaho Supreme Court declined to address this guilt-phase claim because it could have been raised in a previous appeal: "We note that the remand granted in *Sivak III* was for the limited purpose of resentencing and, therefore, a challenge to a jury instruction given at trial which could have been raised in the appeal of the conviction (*Sivak I*) is no longer a viable issue."). *Sivak IV*, 901 P.2d 494, 497 (Idaho 1995).

In support of this procedural rule, the court cited *State v. Searcy*, 820 P.2d 1239 (Idaho Ct. App. 1991) (per curiam). *Searcy* was an appeal following a remand from a previous appeal. The appellant in *Searcy* attempted to raise two issues, "neither of which relate[d] to the proceeding conducted following the remand from the earlier appeal." *Id.* at 1240. Relying on *State v. Van Vlack*, 71 P.2d 1076 (1937), the *Searcy* court declined to address these two issues because they were, or could have been, presented in an earlier appeal: "[E]ven issues of

constitutional dimension may be barred from review in a subsequent appeal if those issues were or could have been asserted in the original appeal from a judgment of conviction." 820 P.2d at 1240.

Amicus argues that the rule against raising claims that could have been raised in a previous appeal is not adequate to bar federal review. *Dkt. 197* at 8–9. However, as evidenced by *Van Vlack*, the rule has existed in Idaho since 1937. Any factual or procedural differences between *Sivak IV* and *Van Vlack* are insufficient to permit this Court to ignore Idaho's longstanding rule that appellants may not raise issues that could have been raised earlier. *See id*. at 9. The Idaho Supreme Court applied an adequate and independent state procedural bar to the instructional-error claim.[3] To the extent the Petition asserts any such claim—which is not entirely clear—the claim is procedurally defaulted.

Petitioner's counsel also argued to the state court that the post-conviction court erred by dismissing eight claims asserted in Petitioner's second successive petition. However, counsel did *not* argue the merits of these eight claims, instead contending that the claims had not been decided at all and seeking only a remand for an evidentiary hearing.

---

[3] The Idaho Supreme Court alternatively denied this guilt-phase claim on the merits. *Sivak IV*, 901 P.2d at 497. However, this alternative holding does not erase the procedural default. *See Zapata v. Vasquez*, 788 F.3d 1106, 1111 (9th Cir. 2015) ("Here, the state court expressly invoked a procedural bar in addressing Zapata's prosecutorial misconduct claim…. Although the court went on to discuss the merits of the claim, because it separately relied on the procedural bar, the claim is defaulted.").

The Idaho Supreme Court declined to address these eight claims, stating that the claims had already been raised in Petitioner's initial post-conviction petition and, thus, could not be considered again. *Sivak IV*, 901 P.2d at 499. That is, it appears that the court applied the same rule that it applied to Petitioner's instructional-error claim: the court would not address claims that were, or could have been, raised in earlier proceedings.

Finally, Petitioner's counsel asked the court to reconsider all claims raised in previous proceedings. The court declined to do so: "Because Sivak provides no reasoning to persuade us that the rulings in the previous appeals were incorrect, and because the issues were carefully considered by the Court on those earlier occasions, we decline the invitation to reconsider the issues previously addressed." *Sivak IV*, 901 P.2d at 500. This is yet another invocation of the rule against claims that were, or could have been, asserted in previous appeals.

Petitioner's counsel's guilt-phase claims, as presented in appellate briefing in the fourth state court appeal, were all subject to an adequate and independent state procedural bar. Accordingly, they did not serve to fairly present any federal claims to the state court.

> b)   *Pro Se Claims Raised in Petitioner's Appendix A*

In addition to the claims raised in counsel's appellate briefing in the fourth appeal, Sivak also filed a pro se document, which counsel attached to the appellate

brief as Appendix A. Counsel stated that Petitioner *himself*—not Petitioner's

counsel—"respectfully requests the Court consider" the issues in Appendix A.

*State's Lodging J-74* at 64. The Idaho Supreme Court did not accept the invitation

to do so.

 This Court has already explained that Idaho courts have an adequate and

independent procedural rule that pro se arguments of represented litigants will not

be considered:

> Petitioners in state appellate matters have two choices in
> Idaho. Either they choose to be represented by counsel,
> or they choose to ask counsel to withdraw so that they
> can proceed pro se. A petitioner cannot have it both ways
> under Idaho's rule. The Idaho courts are entitled to create
> rules that aid them in the orderly administration of cases,
> and this is one such rule.

*Dkt. 116* at 11. However, Amicus argues that the rule does not apply to the issues

Petitioner raised in Appendix A. *Dkt. 197* at 10–12.

 Amicus first argues that, because the Idaho state court decisions previously

relied on by this Court were unpublished, they cannot be considered for purposes

of determining whether a rule is adequate and independent. *Id*. at 10. Amicus is

incorrect on this point. "[I]t is the actual practice of the state courts, not merely the

precedents contained in their published opinions, that determine the adequacy of

procedural bars preventing the assertion of federal rights." *Powell v. Lambert*, 357

F.3d 871, 879 (9th Cir. 2004) (rejecting argument that court should not consider unpublished decisions in a procedural default analysis).

Amicus next argues that the prohibition against pro se filings cannot be deemed to have been consistently applied in Idaho because it is a discretionary rule. *Dkt. 197* at 10–11. To the contrary, it is well-established that discretionary procedural rules can indeed be considered adequate and independent to bar federal habeas review. *See Beard*, 558 U.S. at 61.

Recognizing that *Ward v. State*, 458 P.3d 199 (Idaho 2020), applied a clear rule prohibiting pro se filings by represented litigants, Amicus also argues that the rule was not well-established *at the time* of Petitioner's fourth appeal. *Dkt. 197* at 12. In *Ward*, the Idaho Supreme Court held squarely that "independent communications [to the Court] by a represented party … ha[ve] no force or effect." 458 P.3d at 203.

*Ward* was issued in 2020, long after Petitioner's fourth state court appeal. However, even assuming that the rule against pro se filings was not adequate and independent at the time of *Sivak IV*, any guilt-phase claims raised in the Appendix were procedurally barred for the same reason as the guilt-phase claims raised by counsel—because they were, or could have been, raised in previous proceedings. As explained above, this procedural rule is adequate and independent.

Finally, Petitioner has not pointed to a single claim raised in Appendix A that is also raised in the instant Petition. Thus, even if the Court ignored Idaho's rule against pro se filings by represented parties—as well as the separate default based on failure to raise claims in previous proceedings—Petitioner has not shown that any specific claim in the Petition was actually presented in his pro se filing in the fourth appeal.

Accordingly, the Court holds that Petitioner did not fairly present any of his current guilt-phase claims to the state courts in his fourth appeal.

v.      Petitioner Fifth Appeal

Petitioner's fifth appeal was taken from the denial of Petitioner's second successive petition for state post-conviction relief. In that appeal, Petitioner raised guilt-phase claims related to the failure to disclose additional evidence—in the form of four letters—related to an agreement between the State and witness Jimmy Leytham. *State's Lodging L-91*. The Idaho Supreme Court affirmed the denial of these claims. *Sivak V*, 8 P.3d 636 (Idaho 2000). In Petitioner's first habeas corpus case, the Ninth Circuit—in the course of concluding that Petitioner was not entitled to guilt-phase habeas relief—held that the claims based on the four letters were not procedurally defaulted. *Sivak v. Hardison*, 658 F.3d at 906–07.

However, the instant Petition does not appear to include a claim based on any of the four letters. Therefore, Petitioner's fifth appeal did not fairly present any of his current habeas claims.

vi.         Petitioner's Sixth Appeal

In his third successive state post-conviction petition, Petitioner raised a sentencing claim under *Ring v. Arizona*, 536 U.S. 584 (2002). *State's Lodging M-1* at 6–15. Petitioner appealed the denial of this claim, but the Idaho Supreme Court dismissed the appeal. *State's Lodging N-7*. Petitioner did not raise any guilt-phase claims in this sixth appeal.

vii.        Petitioner's Seventh Appeal

In Petitioner's fourth successive state post-conviction petition, Petitioner raised a double jeopardy claim that, because he was acquitted of premeditated murder, he could not be convicted of felony murder. The trial court denied relief.

On appeal—Petitioner's seventh state court appeal—the Idaho Court of Appeals declined to address the claim because it could have been raised in Petitioner's initial post-conviction proceedings. *Sivak VI*, 2014 WL 575965, *4 (Idaho Court App. Feb. 13, 2014) (unpublished). The court relied on Idaho's successive-petitions bar, which provides as follows:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently

> waived in the proceeding that resulted in the conviction
> or sentence or in any other proceeding the applicant has
> taken to secure relief may not be the basis for a
> subsequent application, unless the court finds a ground
> for relief asserted which for sufficient reason was not
> asserted or was inadequately raised in the original,
> supplemental, or amended application.

Idaho Code § 19-4908. The Court found no valid reason why Petitioner had not

raised his new double jeopardy claim in previous proceedings, "given that the facts

underlying the claim were clearly known upon the jury's issuance of its verdict."

*Sivak VI*, 2014 WL 575965, at *4.

This Court has already held that § 19-4908 is adequate and independent to

bar federal habeas review. *See, e.g., Nelson v. Blades*, No. CV 04-001-S-LMB,

2009 WL 790172, at *10 (D. Idaho Mar. 23, 2009) (unpublished). Therefore,

Petitioner's seventh appeal did not fairly present any claim in the instant Petition.

   viii.      Petitioner's Eighth Appeal

Petitioner's eighth and final state court appeal involved the fixed life

sentence imposed after Petitioner was granted federal habeas relief. In that appeal,

Petitioner argued that the resentencing court abused its discretion in imposing the

sentence and in denying Petitioner's Rule 35 motion. *See Sivak VII*, 2014 WL

6792577 (Idaho Court App. Dec. 3, 2014 (unpublished). Because Petitioner did not

raise a guilt-phase claim, his eighth state-court appeal did not fairly present to the

state court any of his remaining habeas claims.

## CONCLUSION

As the foregoing analysis demonstrates, it appears that the only guilt-phase claim Petitioner fairly presented to the Idaho Supreme Court is Claim 29(g) and (t). Because it is now too late to raise any claims in state court, all other guilt-phase claims in the Petition appear to be procedurally defaulted and subject to summary dismissal.[4]

## ORDER

**IT IS ORDERED:**

1.     Petitioner's Petition to Sanction (Dkt. 225) is DENIED.

2.     Respondent's Motion for Summary Dismissal (Dkt. 188) is CONDITIONALLY GRANTED IN PART. All claims in the Petition, with the exception of Claim 29(g) and (t), are conditionally dismissed with prejudice.

3.     Within 21 days, either party may file a brief—not to exceed 10 pages—setting forth any reason why the party believes the Court's analysis is incorrect. The Court will not consider any extensions of time absent extraordinary circumstances.

---

[4] Petitioner does not argue that he is excused from the default of his guilt-phase claims. He contends only that he raised all of his claims in state court, *Dkt. 192* at 8, which, as explained above, is incorrect.

4.      The Court will issue a final decision on the Motion for Summary

Dismissal at a later date. Other than the responsive briefing permitted

by this Order, nothing else may be filed until after the Court issues

that decision.

DATED: March 30, 2023

_____

B. Lynn Winmill
U.S. District Court Judge